# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JAMES E. DEEN, JR., Individually and as Surviving Spouse of KATHY DEEN, deceased, and JAMES E. DEEN, JR. as Administrator of the Estate of Kathy Deen, deceased,<br><br>Plaintiffs<br><br>    v.<br><br>DAVID J. OTT, an individual, CEOC, LLC, a foreign company, and HARRAH'S NC CASINO COMPANY, LLC, a foreign company,<br><br>Defendants. | CIVIL ACTION<br><br>NO.:  2:22-CV-130-RWS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants CEOC, LLC and Harrah's NC Casino Company, LLC (collectively "Caesars") hereby remove this Action from the Superior Court of Union County to the United States District Court for the Northern District of Georgia.  This Court has original jurisdiction under 28 U.S.C. § 1332.  Complete diversity of citizenship exists between Plaintiff and Defendants, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.  In support of removal, the Caesar Defendants state as follows:

I.  **INTRODUCTION AND FACTUAL BACKGROUND**

1. On or about May 24, 2022, James Deen, individually and as Administrator of the Estate of Kathy Deen ("Deens") commenced this action by filing a Complaint in the Superior Court of Union County. See Plaintiff's Complaint, attached hereto as Exhibit A.

2. The Complaint alleges that on May 29, 2020, the Defendant David Ott was operating a motor vehicle on Georgia Highway 11 that collided with a vehicle containing James and Kathy Deen. As a result of the collision between those two vehicles, Kathy Deen was killed and James Deen was seriously injured. ("the Accident")". See Exhibit A, ¶¶ 6 and 7.

3. The Plaintiffs contend that Defendant Ott was operating the vehicle within the course and scope of his employment with CEOC, LLC and/or Harrah's NC Casino Company, LLC. See Exhibit A at ¶¶ 4 and 5.

4. The Complaint asserts three causes of action: (1) Negligence of Ott, (2) Imputed Liability, and (3) Negligent Hiring, Training & Supervision by Caesars and/or Harrah's. See Exhibit A

II. **REMOVAL IS TIMELY**

5. The Summons and Complaint were served upon the Caesars Defendants on or about June 1, 2022.

6.      This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after service of the Deens' Summons and Complaint upon the Caesars Defendants.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

7.      This Court has original subject matter jurisdiction pursuant 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the Deens and all of the Defendants.

### A.     The Amount In Controversy Requirement Is Satisfied

8.      Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

9.      In the Complaint, the Plaintiffs reference special damages for both James Deen and Kathy Deen that exceed $75,000.00. *See* Exhibit A at ¶ 21 and 22. The Plaintiffs further allege damages for past, present and future physical and mental pain and suffering; past present and future loss of enjoyment of life; past, present

---

[1] Although the Caesar Defendants deny liability and contends that the Plaintiffs cannot recover under the claims set forth in the Complaint, the allegations and relief sought by Plaintiffs are to be considered for purposes of removal only, in determining the value of the claims and the amount in controversy.

and future loss of earnings and income; past present and future loss of ability to labor and earn money; damages for the full value of life of Kathy Deen; pain and suffering, funeral bills; and other damages allowed by law for the wrongful death of Kathy Deen.

10. Accordingly, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

### B. There Is Complete Diversity of Citizenship Between Plaintiffs And The Defendants

11. According to the Complaint, the Plaintiffs are citizens and residents of Georgia;

12. The Defendant Davit Ott is citizen and resident of North Carolina, and Defendant Ott has consented to this removal.

13. The Defendant CEOC, LLC is a limited liability company organized under the laws of the State of Delaware, and none of the members of the limited liability company are citizens and residents of Georgia.

14. The Defendant Harrah's NC Casino Company is a limited liability company organized under the laws of the State of North Carolina, and none of the members of the limited liability company are citizens and residents of state of Georgia.

15. Accordingly, there is complete diversity of citizenship between Plaintiffs and Defendants, and thus removal is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

## IV. PLEA FOR REMOVAL

16. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Northern District of Georgia is the federal judicial district and division embracing the place where the action to be removed is pending.  See 28 U.S.C. §1441(a).

17. There is complete diversity of citizenship between the properly joined parties, and the amount in controversy exceeds the jurisdictional requirement of $75,000.00.

18. Therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and removal of this proceeding to this Court is proper pursuant to 28 U.S.C. § 1441.

19. Written notice is being given to all parties and to the Clerk of the Superior Court of Union County, Georgia, that this Notice of Removal is being filed with this Court.

WHEREFORE, Defendants CEOC, LLC and Harrah's NC Casino Company, LLC respectfully requests that action titled James E. Deen, Jr. Individually and as Surviving Spouse of Kathy Deen, and James E. Deen, Jr. as Administrator of the

<u>Estate of Kathy Deen, deceased v. David J. Ott, CEOC, LLC and Harrah's NC Casino Company, LLC</u>, under Docket SUCV2022000164, currently pending in the Superior Court of Union County, Georgia be removed to the United States District Court for the Northern District of Georgia for all further proceedings.

        **GOLDBERG SEGALLA LLP**

<u>*/s/* John I. Malone, Jr.</u>
John I. Malone, Esquire
Georgia State Bar No. 812837
701 Green Valley Road
Suite 310
Greensboro, NC 27408
(336) 419-4900
jmalone@goldbergsegalla.com
*Attorneys for Defendants CEOC, LLC and Harrah's NC Casino Company, LLC*

Date:  June 30, 2022.

## **CERTIFICATE OF SERVICE**

I, John I. Malone hereby certify that a copy of the foregoing Notice of Removal has been served on counsel of record via Electronic Mail and First Class Mail, postage prepaid on this 30th day of June 2022.

Daniel R. Duello, Esq.
Law Office of Daniel R. Duello, LLC
426 Cleveland Street, Suite 4
Blairsville, GA 30512
daniel@duellolaw.com
*Attorney for the Plaintiffs*

Fletcher W. Griffin, III
P.O. Box 425
Hiawassee, GA 30546
mouth@windstream.net
*Attorney for the Defendant David Ott*

*/s/* John I. Malone, Jr.
John I. Malone, Esquire
Georgia State Bar No. 812837
701 Green Valley Road
Suite 310
Greensboro, NC 27408
(336) 419-4900
jmalone@goldbergsegalla.com
*Attorneys for Defendants CEOC, LLC and Harrah's NC Casino Company, LLC*