# EXHIBIT A

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
UNION COUNTY, GEORGIA
**SUCV2022000164**
JP
MAY 24, 2022 08:35 AM

Judy L. Odom, Clerk
Union County, Georgia

## UNION COUNTY SUPERIOR COURT

### STATE OF GEORGIA

JAMES E. DEEN, JR., Individually and
as Surviving Spouse of KATHY DEEN,
deceased, and JAMES E. DEEN, JR. as
Administrator of the Estate of
KATHY DEEN, deceased

    Plaintiffs,

vs.

DAVID J. OTT, an individual, CEOC, LLC,
a foreign company, and HARRAH'S
NC CASINO COMPANY, LLC, a foreign
company.

    Defendants.
_____/

JURY TRIAL DEMANDED

CASE NO.: _____

## **COMPLAINT FOR DAMAGES**

COMES NOW JAMES E. DEEN, JR., individually and as surviving spouse of KATHY DEEN, and JAMES E. DEEN, JR. as administrator of the estate of KATHY DEEN, Plaintiffs in the above-styled action, and bring this Complaint for Damages, and shows the Court the following:

1. James E. Deen, Jr. is, and at all times material to this action, was a resident of the State of Georgia. James Deen is also the Surviving Spouse of Kathy Deen, deceased. In addition, James Deen is appointed as Administrator of the Estate of Kathy Deen. Accordingly, James Deen is the proper party to bring an action for the wrongful death of his wife and he is the proper party to bring an action on behalf of the Estate of Kathy Deen.

2. Defendants David J. Ott, CEOC, LLC (hereinafter "Caesars"), and Harrah's NC Casino Company, LLC (hereinafter "Harrah's") are subject to the jurisdiction and venue of this Court.

3. Defendant David J. Ott is a resident of North Carolina, and may be personally served at 13946 US Highway 64, Murphy, NC 28906. Ott is subject to the jurisdiction of this Court due to his voluntary use of the roads in the State of Georgia, and he committed a tortious act or omission within the State of Georgia.

4. Caesars is a foreign, Delaware-based LLC. Caesars has transacted and solicited business within the state of Georgia and within the venue of this Court, and currently transacts and solicits business within the state of Georgia and within the venue of this Court. Further, at the time of the accident, Ott was acting within the course and scope of his employment with Caesars. Caesars is not registered with the Georgia Secretary of State, so pursuant to O.C.G.A. §14-2-1510 it may be served with a Summons and Complaint via its Chief Financial Officer at 1 Caesars Palace Drive, Las Vegas, NV 89109.

5. Harrah's is a foreign, North Carolina-based LLC. Harrah's has transacted and solicited business within the state of Georgia and within the venue of this Court, and currently transacts and solicits business within the State of Georgia and within the venue of this Court. Further, at the time of the accident, Ott was acting within the course and scope of his employment with Harrah's. Harrah's is not registered with the Georgia Secretary of State, so pursuant to O.C.G.A. §14-2-1510 it may be served with a Summons and Complaint via its Chief Financial Officer at 1 Caesars Palace Drive, Las Vegas, NV 89109.

6. On Friday, May 29, 2020, Ott permissibly and negligently operated a 2008 Ford F350 by failing to maintain lane while driving on Georgia Highway 11 near the intersection with McCarter Trail in Union County, Georgia, hitting the vehicle containing James and Kathy Deen.

7. As a result of the accident, Kathy Deen was killed and James Deen was seriously injured.

8. At the time of the accident, Ott was in the course and scope of his employment with Caesars and/or Harrah's as the Grounds Supervisor at Harrah's Cherokee Valley River Casino in Murphy, North Carolina.

## COUNT I – NEGLIGENCE OF OTT

9. Plaintiffs reallege and incorporate herein the allegations contained in the prior paragraphs as if fully restated.

10. Ott owed duties of due and reasonable care to the Plaintiffs, as well as to other motorists on the road.

11. Ott's negligence, which constitute the direct and proximate cause of the injury to the Plaintiffs, also consisted of, but was not limited to, the following:

   a. Driving in a reckless disregard for the safety of others in violation of O.C.G.A. §40-6-390;

   b. Failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2-64;

   c. Failure to maintain reasonable control of vehicle;

   d. Failure to operate vehicle in a safe fashion under the circumstances then existing;

   e. Failure to take evasive or other reasonable action in order to control vehicle or maintain lane;

   f. Failure to exercise ordinary care;

   g. Failure to keep a proper lookout;

   h. Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

12. At all times material hereto, Plaintiffs conducted themselves in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused them to sustain serious bodily injury.

## COUNT II – IMPUTED LIABILITY

13. Plaintiffs reallege and incorporate herein the allegations contained in prior paragraphs as if fully restated.

14. At the time of the subject collision, Ott was driving within the course and scope of his employment with Caesars and/or Harrah's.

15. At the time of the subject collision, Ott was operating his truck on behalf of Caesars and/or Harrah's.

## COUNT III – NEGLIGENT HIRING, TRAINING, & SUPERVISION BY CAESARS AND/OR HARRAH'S

16. Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs above as if fully restated.

17. Caesars and/or Harrah's were negligent in hiring Ott and entrusting him to drive on their behalf.

18. Caesars and/or Harrah's were negligent in failing to properly train Ott.

19. Caesars and/or Harrah's were negligent in failing to properly supervise Ott.

20. Caesars and/or Harrah's negligence in hiring Ott, entrusting him to drive a vehicle, and failing to train and supervise him properly were the proximate cause of the collision at issue and the injuries to James Deen, and injuries and death of Kathy Deen.

## COUNT IV - DAMAGES

21. As a result of Defendants' negligence, Plaintiff James Deen suffered special damages in the form of medical expenses as following:

   a. Med Trans - $55,880.89
   b. Erlanger - $187,102.65
   c. Floyd Medical - $31,104.00
   d. RX - $195.06
   e. Jay's Medical Equipment - $683.72
   f. Home Depot - $44.00
   g. 24 On Physicians - $2,014.98
   h. Anesthesiology Consultant Exchange - $5,278.00
   i. Floyd EMS - $2,359.30
   j. Puckett EMS - $2,980.00
   k. Union General Ambulance - $617.20
   l. Rome Radiology - $50.00
   m. University Surgical Associates - $1,270.00
   n. TN Interventional & Imaging Associates - $2,023.68

And will incur special damages in the future for medical treatment in an amount to be proven at trial.

22. As a result of Defendants' negligence, the Estate of Kathy Deen suffered special damages in the form of medical expenses as following:

   a. Air Methods - $62,597.85
   b. NGMC - $6,057.00
   c. Union General Ambulance - $742.00

d. Funeral Expenses - $3,080.15

23. As a direct and proximate result of Defendants' negligence, James Deen has suffered and will continue to suffer the following:

a. past, present and future physical and mental pain and suffering;

b. past, present and future loss of enjoyment of life;

c. past, present and future loss of earnings and income; and

d. past, present and future loss of ability to labor and earn money, as well as other damages.

24. As a direct and proximate result of the injuries sustained in the subject collision caused by the negligence of Defendants, James Deen has incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to his painful injuries.

25. As a result of Defendants' negligence, James Deen, as Surviving Spouse of Kathy Deen and as Administrator of the Estate of Kathy Deen, is entitled to recover all damages allowable under by law, including but not limited to: the full value of the life of Kathy Deen; pain and suffering; funeral bills; and any other items of special and general damages allowed by law.

26. By reason of the foregoing, Plaintiffs are entitled to recover from Defendants compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

WHEREFORE, Plaintiffs pray and respectfully demand verdict and judgment as follows:

(a) That Summons and Process issue and that the named Defendants be served with a copy of this Complaint and that the Defendants be required to appear and answer;

(b) That Plaintiffs be awarded compensatory damages against Defendants, in such an amount as may be shown by the evidence and as may be determined in the enlightened conscience of the jury;

(c) That Plaintiffs be awarded special damages in an amount as may be shown by the evidence and proven at trial;

(d) That James Deen, as Surviving Spouse of Kathy Deen, recovers for the full value of the life of Kathy Deen;

(e) That James Deen, as Administrator of the Estate of Kathy Deen, recovers for her pain and suffering, funeral expenses, medical expenses, and all other claims held by her Estate;

(f) That Defendants be charged with all Court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

(g) That Plaintiffs be granted a trial by jury; and,

(h) That Plaintiffs be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

This 24th day of May, 2022.

LAW OFFICE OF DANIEL R. DUELLO, LLC

*/s/ Daniel R. Duello*

Daniel R. Duello
426 Cleveland Street, Suite 4
Blairsville, GA 30512
Telephone: 706.603.3036
Email: daniel@duellolaw.com
Georgia Bar No. 342855



**DANIEL R. DUELLO**
LAW OFFICE
426 Cleveland Street, Suite 4
Blairsville, GA 30512

U.S. POSTAGE PAID
FCM LETTER
BLAIRSVILLE, GA
30512
MAY 26, 22
AMOUNT
$7.58
R2303S103976-35

CERTIFIED MAIL
7020 0640 0001 8552 8745

Chief Financial Officer
1 Caesars Palace Drive
Las Vegas, NV 89109

89109-89690i